Ronald C. Minkoff (admitted *pro hac vice*)
FRANKFURT KURNIT KLEIN & SELZ PC
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel: (212) 908-0120
Fax: (212) 593-9175
rminkoff@fkks.com

Kimberley R. McGhee (No. 009728)
LAW OFFICES OF KIMBERLEY R. MCGHEE, P.C.
8880 W. Sunset Rd., Ste. 250
Las Vegas, NV 891483
Tel: (702) 423-9491
kmcghee@kmcgheelaw.com

*Attorneys for Defendant Stephen D. Chakwin, Jr.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PREFERRED CAPITAL LENDING, INC., an Illinois Corporation; and PREFERRED CAPITAL LENDING OF NEVADA, LLC, a Nevada Limited Liability Company,<br><br>  Plaintiffs,<br><br>vs.<br><br>STEPHEN D. CHAKWIN, JR., an Individual; DOES I through X inclusive; ROE BUSINESS ENTITY XI through XX, inclusive,<br><br>  Defendants. | Case No.: 2:13-CV-00368-GMN-NJK<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFFS' IMPROPER SUPPLEMENTAL REPLY [ECF NO. 42** |

Defendant, Stephen D. Chakwin, Jr. ("Mr. Chakwin" or "Defendant"), respectfully submits this Memorandum of Points and Authorities in support of Defendant's Motion to Exclude Plaintiffs' Improper Supplemental Reply [ECF No. 42]. On December 9, 2013, more than 10 days after the filing deadline for their reply papers in support of their own motion for summary judgment and their opposition to Mr. Chakwin's cross-motion for summary judgment, Plaintiffs Preferred Capital Lending, Inc. and Preferred Capital Lending of Nevada, LLC ("Plaintiffs" or "PCL") filed what they term a "Supplemental Reply," [ECF No. 42] setting out brand new factual issues and legal theories, purportedly in support of PCL's motion for summary judgment. This filing is an impermissible surreply, and should be stricken or excluded from consideration.

PCL's filing is not authorized by the Federal Rules of Civil Procedure or Local Rules, and PCL has not sought leave of the Court to file additional briefing. Additionally, PCL's filing presents an entirely novel legal theory absent from its first opposition and response. It also includes, for the very first time, documents allegedly supporting this theory that were not provided to Defendant at any time during discovery, with Plaintiffs' motion for summary judgment, or with their papers opposing Mr. Chakwin's cross-motion. As Plaintiffs' filing is both procedurally deficient and prejudicial, it must be stricken or otherwise excluded from consideration in relation to the summary judgment motions now before this Court.

In the alternative, if the Court does consider Plaintiffs' Surreply, Defendant respectfully seeks leave of this Court to file an appropriate response in order to address Plaintiffs' novel legal arguments.

## RELEVANT PROCEDURAL HISTORY

On September 27, 2013, Plaintiffs filed a motion for summary judgment [ECF No. 26] (the "Motion for Summary Judgment"). On October 28, 2013, Defendant filed his opposition to Plaintiffs' motion, and cross-moved for summary judgment [ECF nos. 31 and 33] ("Defendant's Cross-Motion"). Although PCL's response to Defendant's cross-motion was initially due on November 21, 2013, *see* docket entry accompanying ECF No. 31, the parties stipulated to extend PCL's time to file a response until November 27, 2013 [ECF No. 38]. On November 6, 2013, this Court issued an order implementing the parties' stipulated extension [ECF No. 39]. On November 27, 2013, PCL filed its reply [ECF No. 40] (the "First Reply").

More than 10 days later, on December 9, 2013, PCL filed what they called a "Supplemental Reply" [ECF No. 42] (the "Surreply") to Defendant's Cross-Motion. Defendant is not aware of any motion by PCL to seek leave to file a surreply, nor any order from this Court granting such leave.

## ARGUMENT

### A. The Surreply is Procedurally Improper

Plaintiffs' Surreply is procedurally improper. Nothing in the Federal Rules of Civil Procedure provides that a party may file a surreply as of right. Moreover, the Local Rules for the District of

2

Nevada (the "Local Rules") contemplate that parties will file only a motion, opposition, and reply. *See* Local Rule 7-2. Accordingly, a surreply is not permitted unless a litigant first seeks leave of the Court.

District courts have significant discretion in permitting litigants to submit additional briefing. However, Nevada district courts have stated that "[a] surreply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond*." *Kanvick v. City of Reno*, 2008 WL 873085, No. 06-cv-00058-RAM, n.1 (D. Nev. Mar. 27, 2008) (granting Defendant's motion to strike Plaintiff's second opposition to motion for summary judgment) (emphasis in original). PCL fails on both accounts.

First, it is self-evident that Plaintiffs have not sought leave of the Court to file the Surreply. Even if they had, Plaintiffs do not have good cause to justify the need for a Surreply. Tellingly, the Surreply makes no genuine attempt to set out such grounds, other than a brief statement that the Surreply "arises out of documents that Plaintiffs [*i.e.,* their own client] recently provided to the undersigned counsel." *See* Surreply at 2. This is obvious hand-waving, and it strains credulity that PCL only "recently" became aware of a business operating license it purportedly obtained before 2010.[1] *See* Surreply at 3. Even if this were true — which Defendant sincerely doubts — Plaintiffs' have had the entirety of discovery in this case to search for and produce relevant documents. Their failure to uncover documents before now, despite having the full opportunity to do so, does not provide good cause for this Court to permit a surreply.

Second, the Surreply does not purport to address "new matters raised in a reply" because *PCL itself is the party who filed the last reply*. Instead, the Surreply is nothing more than a textbook "second bite at the apple," an improper attempt to press additional arguments long after the November 27, 2013 deadline for PCL's opposition set by this Court's order.

The Surreply must therefore be stricken or excluded as procedurally deficient.

---

[1] It is unclear when PCL obtained the alleged "Other Business Authorization," since the document PCL has provided as an exhibit is a low-quality photocopy, and is missing the day, month, and year.

B. **The Surreply Must be Disregarded because it Seeks to Present New, Inconsistent Arguments and Evidence**

   *1. The Surreply Improperly Seeks to Present New Arguments and Evidence*

Even if this Court were to set aside the Surreply's significant procedural deficiencies, this Court should still strike or exclude the Surreply as it raises new arguments and seeks to introduce new evidence. "It is impermissible to introduce new arguments or evidence in a reply brief." *Tara Minerals Corp v. Carnegie Min. and Exploration, Inc.*, 2012 WL2860702, No. 11-cv-01816, at *1 (D. Nev. Jul. 11, 2012) (citing *White v. City of Sparks*, 341 F. Supp. 2d. 1129, 1134 (D. Nev. 2004) *aff'd* 500, F.3d 953 (9th Cir. 2007)). Given this, it follows that PCL may not seek to introduce new arguments and evidence via their unauthorized Surreply.

The Surreply is the first time PCL has argued (or made any reference at all) that there is an Illinois law authorizing Plaintiffs to loan money at otherwise usurious interests rates. *See* Surreply at 4–8. This argument appears nowhere in either PCL's Complaint, its Motion for Summary Judgment or its First Reply, despite the fact that Plaintiffs have been on notice since the filing of Defendant's Answer that Mr. Chakwin intended to assert a usury defense. *See* Answer, dated Mar. 12, 2013 [ECF No. 7] at ¶ 66.[2] Moreover, the Surreply seeks to introduce new documentary evidence that PCL failed to produce at any point during discovery in this litigation.[3]

PCL had a full and complete chance to present an opposition to Defendant's Cross-Motion in the First Reply submitted on November 27, 2013. If PCL neglected to include certain arguments, or was unable to properly present such arguments by the deadline set by this Court, the problem is one of PCL's

---

[2] Even if Plaintiffs failed to read Mr. Chakwin's Answer (and affirmative defenses), Plaintiffs surely knew the specifics of Mr. Chakwin's usury defense when he filed his Cross-Motion for Summary Judgment on October 27, 2013, leaving plenty of time to fully address the defense in their First Reply. PCL failed to do so.

[3] The documents included with the Surreply as exhibits were responsive to at least one of the document requests Defendant submitted to PCL on or about September 9, 2013. In particular, Defendant sought "[a]ll non-privileged Documents discussing, reflecting, supporting, undermining, or otherwise relating to the validity or enforceability of any Funding Agreement that you have entered into under Illinois or Nevada law, including, but not limited to, whether such Funding Agreement is usurious, illegal, or void as against public policy." In response, Plaintiffs flatly objected and refused to produce any documents on procedural grounds.

own making and PCL should not be permitted an unfair second chance to present them well after this deadline has passed. Courts routinely disregard late attempts to introduce new arguments and evidence, such as the Surreply. *See*, *e.g.*, *Avery v. Barsky*, 2013 WL 1663612, No. 12-cv-00652, at * 2 (D. Nev. Apr. 17, 2013) (disregarding new arguments based on documents produced for the first time on reply); *Linder v. Ford Motor Co.*, 2012 WL 3598269, No. 10-cv-00051, at *2 (D. Nev. Aug. 17, 2012) (refusing to consider arguments in reply where party submitted new evidence without proof that it could not have been presented to the court previously). This Court should likewise disregard the Surreply in its entirety.

> 2. *Plaintiffs' Arguments in the Surreply are Inconsistent with Those in the Motion for Summary Judgment and the First Reply.*

The arguments set out in the Surreply are not only new, but are inconsistent with Plaintiffs' arguments in their Summary Judgment Motion and the First Reply.

In their motion for summary judgment, Plaintiffs asserted a relatively straightforward theory of recovery based on breach of contract and unjust enrichment under Illinois law, asserting the existence of a loan agreement and subsequent "roll over" loans, and alleging Defendant's failure to repay these loans at the stated due dates. *See* PCL Motion for Summary Judgment at 4–8.

After receiving Defendant's Cross-Motion, Plaintiffs' arguments lurched in a different direction: they claimed in the First Reply that "[PCL] intended to make the loan pursuant to Nevada law and simply made a clerical error in even including the Illinois choice of law provision in the loan agreement." First Reply at 12. Plaintiffs even provided the sworn affidavit of PCL's owner, Mr. Brian Garelli, who claimed that he "authorized the loan under Nevada law" and "intended the loan to Mr. Chakwin to be governed by Nevada law." *See* First Reply Ex. 6, Affidavit of Brian Garelli dated Nov. 21, 2013 (hereinafter "Garelli Aff.") at ¶¶ 6, 11. In the alternative, PCL argued that the loans at issue fell under the business loan exception of the Illinois Interest Act.

Now, more than 10 days after the filing deadline for their First Reply, Plaintiffs have apparently mustered another basis for their opposition to Defendant' Cross-Motion. Plaintiffs now contend that PCL was operating under a particular business license granted by Illinois state regulators, and therefore

the loans at issue are not subject to the Illinois Interest Act at all.  Surreply at 4–8.  This latest argument is at best thoroughly inconsistent with Mr. Garelli's previous sworn testimony; at worst, it strongly suggests that Plaintiffs' arguments in the First Reply were an active misrepresentation to this Court.  In either event, Plaintiffs' Surreply should not be considered by this Court, and Plaintiffs should be limited to those arguments properly submitted before the Court's deadline in the First Reply.

### C. In the Alternative, Defendant Should Be Permitted an Opportunity to Respond to the Novel Legal Arguments Asserted in the Surreply

In the event that this Court will not strike or disregard the Surreply in its entirety, Mr. Chakwin respectfully requests leave of this Court to file an appropriate response to the brand new legal arguments and documents Plaintiffs have presented.

### CONCLUSION

For the foregoing reasons, Mr. Chakwin respectfully requests that this Court strike or disregard Plaintiffs' procedurally improper Surreply in its entirety.  In the alternative, Mr. Chakwin respectfully requests leave to file an appropriate response to the new arguments and evidence raised by Plaintiffs in the Surreply.

Date:   December 13, 2013
        New York, New York

FRANKFURT KURNIT KLEIN & SELZ PC

By  /s/ Ronald C. Minkoff
    Ronald C. Minkoff

488 Madison Avenue, 10th Floor
New York, New York 10022
Tel: (212) 908-0120
Fax: (212) 593-9175
rminkoff@fkks.com

- and –

Kimberly R. McGhee, Esq.
8880 W. Sunset Rd., Ste. 250
Las Vegas, NV 89148
702-423-3491Tel
702-253-7565 Fax

Kmcghee@kmcgheelaw.com

*Attorneys for Defendant Stephen D. Chakwin, Jr.*